ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
3636 Fourth Avenue, Suite 200
San Diego, California  92103
Telephone: 619-232-3122
Facsimile: 619-232-3264

LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, Esq. (SBN 108510)
sostrofflaw@gmail.com
3636 Fourth Avenue, Suite 200
San Diego, California 92103
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Plaintiffs
CHRISTINE COFFIN, KIMBERLY
WILLMOTT, and BRENDA KASATY
individually, on behalf of themselves
and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

CHRISTIE COFFIN, KIMBERLY WILLMOTT, and BRENDA KASATY individually, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

MAGELLAN HRSC, INC., an Ohio Corporation; and DOES 1 to 100, inclusive,

Defendant.

Case No.: 1:20-cv-00144 JB/GJF

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ.***

CHRISTIE COFFIN, KIMBERLY WILLMOTT, and BRENDA KASATY individually, on behalf of themselves and all others similarly situated hereby complain and allege on information and belief as follows:

## PARTIES

1.    Plaintiff, Christie Coffin ("COFFIN") is, and at all times relevant hereto

1
FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

was, an individual residing in the State of California.

2.    Plaintiff, Kimberly Willmott ("WILLMOTT") is, at all times relevant hereto was, an individual residing in the State of California.

3.    Plaintiff, Brenda Kasaty ("KASATY") is, at all times relevant hereto was, an individual residing in the State of California.

4.    Defendant Magellan HRSC, Inc. ("MAGELLAN") is an Ohio corporation doing business throughout the State of California, including San Diego County.

5.    This action is filed on behalf of COFFIN, WILLMOTT and KASATY (sometimes collectively referred to as "PLAINTIFFS"), individually and on behalf of all members of the class defined  in paragraph 37 below pursuant to California Code of Civil Procedure section 382, which provides, inter alia, that a class action may be brought when the question is one of common interest to many persons, or when the number of persons is numerous and it is impracticable to bring them all before the court. This action is properly filed and maintained as a class action for the reasons set forth below.

6.    DOES 1 to 50 are, and at all relevant times hereto were, corporations and/or business entities organized and existing under the laws of and/or qualified to do business in California.  DOES 51 to 100 were individuals who were the agents of and/or employees of the corporate/business entity defendants and were at all times herein mentioned acting within the course and scope of such agency and employment. Therefore, each Defendant is liable for the wrongful acts and omissions of each other Defendant.

7.    PLAINTIFFS do not know the true names of Defendant DOES 1 through 100, and therefore sue them by those fictitious names.  PLAINTIFFS are informed and believe, and on the basis of that information and belief allege, that each of those Defendants were in some manner responsible for the events and happenings alleged in this complaint and for the injuries and damages of PLAINTIFFS and all others similarly situated.

**GENERAL ALLEGATIONS**

8.    MAGELLAN provides health care assessment of patients insured to insurers for purposes of providing patient care and insurance coverage for such care throughout the State of California.

9.    At all times relevant hereto, MAGELLAN employed "care managers" and/or "senior care managers" in California, such as PLAINTIFFS, who were incorrectly classified by MAGELLAN as exempt employees.

10.    At all times relevant hereto, MAGELLAN adopted, implemented and enforced all policies and procedures that are alleged hereinafter that relate to the daily work performed by the "care managers" and "senior care managers" it employs in California.  "Care managers" and "senior care managers" work at a MAGELLAN office or from home.

11.    At all times relevant hereto, the employees employed by MAGELLAN in the capacity of "care managers" and "senior care managers" were improperly classified as exempt employees because, among other things, such employees' duties and responsibilities: (1) did not involve the management of MAGELLAN's business and/or the on-site location at which they were employed; (2) did not customarily and regularly involve directing the work of two or more employees; (3) did not include the authority to hire or fire other employees; (4) did not include the authority to customarily and regularly exercise discretion and independent judgment; (5) such employees were not engaged in work that was primarily intellectual, managerial or creative; and (6) such employees were not primarily engaged in the duties which are required in order to qualify as an exempt employee under California Industrial Welfare Commission Wage Order No. 4-2001, or any other California Industrial Commission Wage Order.

12.    At all times relevant hereto, MAGELLAN had in effect an employment policy and practice which required its California employees employed as "care managers" and "senior care managers" to work in excess of 8 hours in a day and/or 40 hours in a work week without being paid overtime compensation.

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

13.    At all times relevant hereto, MAGELLAN failed to provide its California employees itemized wage statements in accordance with California Labor Code section 226(a).

14.    At all times relevant hereto, MAGELLAN knew, or should have known, that its policies and practices as set forth herein were not compliant with all applicable statutes, rules and/or ordinances which 1) require the payment for all hours worked, 2) require overtime compensation for all hours worked in excess of 8 hours in a day and/or more than 40 hours in a work week, 3) require the payment of all wages when due, and 4) require the provision of itemized wage statements in accordance with California Labor Code section 226(a).

15.    At all times relevant hereto, MAGELLAN concealed the illegality of its policies and practices as alleged herein from PLAINTIFFS and all other similarly situated employees, past and present.

16.    PLAINTIFFS had no knowledge, constructive or actual, prior to on or about May 23, 2019, that they had suffered any harm as a result of MAGELLAN's policies and practices as set forth herein or that such policies and practices were the unlawful cause of such harm.

17.    The policies and practices adopted, implemented and enforced by MAGELLAN as set forth herein are unlawful and violate California Labor Code section 200, et seq. and/or California Industrial Welfare Commission Wage Order No. 4-2001 which require, inter alia, MAGELLAN to pay its employees all wages due.  By virtue of MAGELLAN's unlawful policies and practices, MAGELLAN has withheld and is withholding wages owed to its employees pursuant to these laws.

18.    The statute of limitations on the claims asserted herein are equitably tolled as a result of MAGELLAN's unlawful policies and practices as set forth herein, MAGELLAN's representations that its policies and practices as set forth herein were lawful, MAGELLAN's concealment of the unlawful nature of its policies and practices as set forth herein, and/or PLAINTIFFS' inability to discover the harm suffered and its

ARTIANO SHINOFF

wrongful cause as a result of MAGELLAN's unlawful policies and practices.

## COFFIN'S CLAIM

19.    COFFIN is a current employee of MAGELLAN.

20.    COFFIN has worked for MAGELLAN as a "senior care manager" in California from April 6, 2018 to the present.

21.    At all times during COFFIN's tenure of employment as a "senior care manager" with MAGELLAN, COFFIN worked in excess of 8 hours in a day and/or 40 hours in a work week without being paid overtime compensation.

22.    As a result of MAGELLAN's unlawful conduct alleged herein, COFFIN was not paid for all time worked in an amount according to proof at the time of trial.

23.    At all times during COFFIN's employment with MAGELLAN, she was not provided itemized wage statements which contained the information required by California Labor Code section 226(a).

24.    As a direct and proximate result of MAGELLAN's unlawful policies and practices as alleged herein, COFFIN suffered injury in fact and has lost money and property in an amount according to proof at the time of trial.

## WILLMOTT'S CLAIM

25.    WILLMOTT is a former California employee of MAGELLAN.

26.    WILLMOTT worked for MAGELLAN as a "care manager" in California from September 2014 through August 2015, and as a "senior care manager" from September 2015 through June 20, 2016.

27.    At all times during WILLMOTT's tenure of employment as a "care manager" with MAGELLAN, WILLMOTT worked in excess of 8 hours in a day and/or 40 hours in a work week without being paid overtime compensation.

28.    As a result of MAGELLAN's unlawful conduct alleged herein, WILLMOTT was not paid for all time worked in an amount according to proof at the time of trial.

29.    At all times during WILLMOTT's employment with MAGELLAN, she

5

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ**

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

was not provided itemized wage statements which contained the information required by California Labor Code section 226(a).

30.    As a direct and proximate result of MAGELLAN's unlawful policies and practices as alleged herein, WILLMOTT suffered injury in fact and has lost money and property in an amount according to proof at the time of trial.

## KASATY'S CLAIM

31.    KASATY is a former employee of MAGELLAN.

32.    KASATY has worked for MAGELLAN as a "care manager" in California from May 27, 2014 to October 2015 and as a "senior care manager" from October 2015 through July 27, 2016.

33.    At all times during KASATY's tenure of employment as a "care manager" and "senior care manager" with MAGELLAN, KASATY worked in excess of 8 hours in a day and/or 40 hours in a work week work without being paid overtime compensation.

34.    As a result of MAGELLAN's unlawful conduct alleged herein, KASATY was not paid for all time worked in an amount according to proof at the time of trial.

35.    At all times during KASATY's employment with MAGELLAN, she was not provided itemized wage statements which contained the information required by California Labor Code section 226(a).

36.    As a direct and proximate result of MAGELLAN's unlawful policies and practices as alleged herein, KASATY suffered injury in fact and has lost money and property in an amount according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

37.    The class in this case includes PLAINTIFFS and all similarly situated former and current employees of MAGELLAN who, at any time during the four year period preceding the filing of this complaint (hereinafter "Class Period") were employed in California in the capacity of a "care manager" or "senior care manager" and classified as an exempt employee.

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

38.    At all times relevant hereto, PLAINTIFFS were members of the putative classes described in paragraphs 37 above.

39.    PLAINTIFFS' claims are typical of the claims of the members of the putative class.

40.    PLAINTIFFS will fairly and adequately protect the claims of each class member and have retained counsel competent and experienced in class action litigation.

41.    The identification of each individual class member may be effectuated by reference to MAGELLAN's records.  The total amount of wages denied each class member by MAGELLAN during the Class Period is also readily ascertainable from MAGELLAN's records.

42.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Insofar as the practices MAGELLAN engaged in are common to all class members, judicial economy is not served by multiple actions with duplicative and repetitive testimony.

43.    The number of persons in each putative subclass for whose benefit this case is brought consists of more than 500 individuals whose claims, except as to the amount of damages, are otherwise identical in that each class member was injured in the same way as a result of MAGELLAN's common course of conduct.  Therefore, the repetitive testimony of each class member at trial would be impracticable, unnecessary, and an inefficient use of judicial resources.

44.    All class members of have worked in excess of 8 hours in a day and/or 40 hours in a work week without being paid overtime compensation during their tenure of employment at MAGELLAN in California sometime during the Class Period, but have not been paid a premium wage for such overtime hours in violation of the California Labor Code and related orders of the IWC.

45.    All class members did not receive one or more accurate itemized wage statements during the Class Period in violation of California Labor Code section 226(a).

46.    The common questions of fact or law applicable to each subclass member

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

are substantially similar and predominate over those questions that effect individual members. These common questions include:

A.  Whether MAGELLAN failed to pay PLAINTIFFS and the class members overtime compensation when the class members worked in excess of 8 hours in a day and/or 40 hours in a work week in violation of California Labor Code and applicable wage orders issued by the IWC, including, but not necessarily limited to, IWC, Wage Order No. 4-2001;

B.  Whether MAGELLAN misclassified PLAINTIFFS and the class members as exempt employees;

C.  Whether MAGELLAN required PLAINTIFFS and the class members to work overtime without compensation as a condition of employment in violation of the California Labor Code and applicable Industrial Welfare Commission Wage Orders and/or MAGELLAN's own published policies and procedures manuals and/or employee handbooks/manuals;

D.  The calculation of unpaid overtime pay;

G.  Whether MAGELLAN failed to provide PLAINTIFFS and the class members with itemized wage statements compliant with California Labor Code section 226(a);

H.  Whether MAGELLAN's conduct constitutes unfair business practices within the meaning of California Business & Professions Code section 17200, *et seq*.;

I.  The applicable statute of limitations for PLAINTIFFS and the class members' claims;

J.  Whether the class members are entitled to injunctive relief prohibiting MAGELLAN from continuing to conduct the practices alleged herein;

K.  Whether MAGELLAN is liable for pre-judgment interest;

L.  Whether MAGELLAN is liable for waiting time penalties pursuant to Labor Code section 203;

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ
AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

L.    Whether MAGELLAN is liable for attorney fees and costs; and

M.    Whether class members are entitled to disgorgement restitution.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES

**(California Labor Code sections 201, 202, 203, 204, 218, 218.5 and 1194(a))**

(By PLAINTIFFS on behalf of themselves and all putative class members against

MAGELLAN)

47.    PLAINTIFFS and the class members hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

48.    California Labor Code sections 201 and 202 establish, among other things, the fundamental right of all California employees to be paid all wages for work performed at the time that their employment ceases.

49.    California Labor Code section 204 provides that, with certain exceptions not applicable in this case, all wages earned by employees in the state of California are due and payable by their employer at least twice during each calendar month.  California Labor Code section 204 further provides that for labor performed between the 1st and 15th days of any month shall be paid for by employers no later than the 26th of the month during which the labor was performed, and labor performed between the 16th and the last day of any month shall be paid for by employers no later than the 10th day of the following month.

50.    PLAINTIFFS are informed and believe and on that basis allege that MAGELLAN failed to pay PLAINTIFFS and all putative class members, wages for each hour worked, or fraction thereon, during the Class Period, as required by California Labor Code section 204.

51.    MAGELLAN's failure to pay PLAINTIFFS and all putative class members, wages due as required by law, violates California Labor Code sections 201, 202 and 204.

52.    By virtue of MAGELLAN's unlawful failure to pay wages to

9

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ**

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

1    PLAINTIFFS and all putative class members such persons have suffered, and continue

2    to suffer, damages in amounts which are presently unknown to PLAINTIFFS, but which

3    will be ascertained according to proof at trial.

4        53.    Pursuant to California Labor Code sections 218, 218.5 and/or 1194(a),

5    PLAINTIFFS may bring a civil action for unpaid wages directly against the employer

6    in PLAINTIFFS' name without first filing a claim with the Division of Labor Standards

7    Enforcement ("DLSE") and may recover the unpaid balance of the full amount of such

8    wages, together with attorney's fees and reasonable costs incurred, as well as liquidated

9    damages, and interest thereon.

10       54.    PLAINTIFFS, individually and on behalf of all others similarly situated,

11   requests recovery of compensation according to proof, damages, and/or penalty wages,

12   interest, attorneys' fees and costs pursuant to California Labor Code sections 203,

13   218.5, 218.6, as well as the assessment of any other statutory penalties against

14   MAGELLAN in a sum as provided by the California Labor Code and/or other statutes.

15       55.    At this time, PLAINTIFFS, individually and on behalf of the class

16   members, do not seek to recover civil penalties pursuant to California Labor Code

17   sections 210 and/or 2699(f), pursuant to any other statute, or at all, for any of the

18   violations alleged herein.  PLAINTIFFS will amend this complaint to allege a claim for

19   civil penalties pursuant to California Labor Code sections 210 and/or 2699(f) upon

20   satisfaction of the notice requirements prescribed by the California Labor Code.

21                    **SECOND CAUSE OF ACTION**

22              **FAILURE TO PAY OVERTIME COMPENSATION**

23   **(Violation of California Labor Code §§ 201, 202, 203, 204, 206,  218, 218.5, 510 &**

24                              **1198)**

25     (By PLAINTIFFS on behalf of themselves and all putative class members against

26                           MAGELLAN)

27       56.    PLAINTIFFS and the class members hereby re-allege and incorporate by

28   reference each of the preceding paragraphs above as though fully set forth in detail

                                    10

ARTIANO SHINOFF

herein.

57.    At all times relevant hereto, MAGELLAN has failed to pay to PLAINTIFFS, and all persons similarly situated, wages earned when due as required by California Labor Code sections 201, 202 and/or 204.

58.    Pursuant to California Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.

59.    At all times relevant hereto, IWC Wage Order No. 4-2001 applied, and continues to apply, to PLAINTIFFS and the class members employed by MAGELLAN.

60.    At all times relevant hereto, Labor Code section 510 and IWC Wage Order No. 4-2001 section 3 provide (1) for payment of overtime wages equal to one and one-half (1 ½) times an employee's regular rate of pay for all hours worked in excess of 40 hours in a week or 8 hours in a work day.

61.    IWC Wage Order No. 4-2001 states, in pertinent part: This order shall apply to all persons employed in professional, technical, clerical, mechanical, and similar occupations whether paid on a time, piece rate, commission, or other basis, except that:

(A)    Provisions of sections 3 through 11 shall not apply to persons employed in an administrative, executive, or professional capacities.

62.    PLAINTIFFS and the putative class members are not "exempt" employees pursuant to IWC Wage Order No. 16-2001 because, among other things:

A.    MAGELLAN required PLAINTIFFS and the class members to spend in excess of fifty percent (50%) of their work time and/or work week performing tasks that do not 1) involve the management of MAGELLAN's business and/or the on-site location at which PLAINTIFFS and the class members were/are employed as the term "management" is defined in IWC Wage Order No. 4-2001, 2) involve directing the work of two or more employees, or 3) involve the exercise of discretion and independent judgment;

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

1     B.    PLAINTIFFS and the class members do not have the authority to
2  hire or fire other employees;

3     C.    In excess of fifty percent (50%) of the time, PLAINTIFFS and the
4  class members spent/spend at work involve ministerial non-discretionary tasks pursuant
5  to the procedures and protocols established by MAGELLAN on forms provided by
6  MAGELLAN;

7     D.    PLAINTIFFS and the class members do not "customarily and
8  regularly" exercise discretion or independent judgment in that they must follow precise
9  companywide policies that dictate virtually all aspects of their employment  decisions
10  which are required to be  reviewed and approved by senior personnel as a condition of
11  implementation and/or they do not make decisions that affect the company as a whole;
12  and

13     E.    Based upon information and belief, PLAINTIFFS allege that
14  MAGELLAN have written manuals that dictate employee conduct and that its policies
15  and protocols eliminate independent authority, judgment and discretion.

16     63.    During their tenure of employment with MAGELLAN, PLAINTIFFS, and
17  others similarly situated class members, were expected to work, and in fact worked, in
18  excess of 8 hours in a day and/or 40 hours in a work week without overtime
19  compensation as a condition of employment.

20     64.    Based upon information and belief, it is alleged that the records concerning
21  the number of overtime hours worked by PLAINTIFFS and each class member are in
22  the exclusive possession or within the sole custody and control of MAGELLAN.

23     65.    As a result of the conduct alleged herein, MAGELLAN owes
24  PLAINTIFFS and the class members overtime wages pursuant to the IWC Wage Order
25  No. 4-2001 according to proof.

26     66.    MAGELLAN has failed and refused, and continues to fail and refuse, to
27  pay PLAINTIFFS and the class members all wages owed.  MAGELLAN's failure to
28  pay PLAINTIFFS, and all those similarly situated, overtime wages according to proof,

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

as required by the applicable IWC Wage Orders, violates California Labor Code sections 201, 202 and/or 204, and therefore, MAGELLAN is liable for damages in the amount of such overtime wages together with applicable statutory penalties.

67.    PLAINTIFFS are informed and believe, and thereon allege, that MAGELLAN knew, or should have known, that "care managers" and "senior care managers" did not qualify as exempt employees and purposely elected not to pay them for their overtime labor.

68.    PLAINTIFFS, individually and on behalf of all others similarly situated, request recovery of overtime compensation according to proof, damages, and/or penalty wages, interest, attorney fees and costs pursuant to California Labor Code sections 203, 218.5, 218.6 and/or 1194(a), as well as the assessment of any other statutory penalties against MAGELLAN in a sum as provided by the California Labor Code and/or other statutes.

69.    At this time, PLAINTIFFS, individually and on behalf of the members of this subclass, do not seek to recover civil penalties pursuant to California Labor Code sections 210 and/or 2699(f), pursuant to any other statute, or at all, for any of the violations alleged herein.  PLAINTIFFS will amend this complaint to allege a claim for civil penalties pursuant to California Labor Code sections 210 and/or 2699(f) upon satisfaction of the notice requirements prescribed by the California Labor Code.

## THIRD CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §226(a))

(By PLAINTIFFS on behalf of themselves and all putative class members against MAGELLAN)

70.    PLAINTIFFS and the class members hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

71.    At all times relevant hereto, California Labor Code section 226(a) provides that every employer shall furnish each employee an accurate itemized wage statement

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

in writing which identifies, among other things, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by each employee.

72. MAGELLAN has intentionally and willfully failed to provide its employees with complete and accurate wage statements in violation of California Labor Code section 226(a). Such deficiencies include the failure to identify all applicable hourly rates in effect during the pay period in which an employee worked and the corresponding number of hours worked by each employee at each employee's hourly rate of pay.

73. As a result of MAGELLAN's violation of Labor Code section 226(a), PLAINTIFFS and the class members have suffered injury in fact and have lost money and property.

74. PLAINTIFFS and class members are entitled to recover from MAGELLAN the greater of their actual damages caused by MAGELLAN's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

75. Pursuant to California Labor Code section 226(a), PLAINTIFFS and the class members are also entitled to injunctive relief to ensure compliance with this section.

76. At this time, PLAINTIFFS, individually and on behalf of the members of this subclass, do not seek to recover civil penalties pursuant to California Labor Code sections 210 and/or 2699(f), pursuant to any other statute, or at all, for any of the violations alleged herein. PLAINTIFFS will amend this complaint to allege a claim for civil penalties pursuant to California Labor Code sections 210 and/or 2699(f) upon satisfaction of the notice requirements prescribed by the California Labor Code.

/ / /

/ / /

/ / /

# FOURTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

### (California Business & Professions Code section 17200, *et. seq.*)

(By PLAINTIFFS on behalf of themselves and all putative class members against MAGELLAN)

77.    PLAINTIFFS and the class members hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

78.    At all times relevant hereto, by and through the conduct described herein, MAGELLAN have engaged in unfair, unlawful and/or deceptive business practices, in violation of California Business and Professions Code section 17200, *et seq*., and have thereby deprived PLAINTIFFS, and all persons similarly situated, of fundamental rights and privileges guaranteed to all employees under California law.

79.    MAGELLAN's conduct is unlawful because the adoption, implementation and enforcement of its policies and practices as set forth herein violates the common law and statutory law of California.  Specifically, each of the discrete claims alleged herein is unlawful because:

### A.    Failure to Pay Wages and Overtime Compensation When Due

By and through the conduct described above, PLAINTIFFS and all persons similarly situated have been deprived of their rights to be paid wages and overtime compensation earned by virtue of their employment with MAGELLAN at the time that their employment ceased and/or at the times required by sections 204, 510, 1198 of the California Labor Code, and IWC Wage Order No. 4-2001 section 3.

### B.    Failure to Pay Wages Upon Termination

By and through the conduct described above, PLAINTIFFS and all persons similarly situated have been deprived of their rights to be paid wages earned by virtue of their employment with MAGELLAN upon termination of their employment with MAGELLAN, in accordance with the requirements of sections 201, 202 and/or 203, of the California Labor Code.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ**

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

**C.**   **Failure to Provide Itemized Wage Statements Compliant With California Labor Code §226(a)**

By and through the conduct described above, PLAINTIFFS and all persons similarly situated have been deprived of their right to be provided itemized wage statements compliant with California Labor Code section 226(a).

80.   MAGELLAN's conduct is deceptive because the adoption, implementation and enforcement of its policies and practices as set forth herein, creates the deceptive impression that it is in compliance with all applicable laws, paid all wages due and because MAGELLAN deceptively refused to disclose and concealed the unlawful nature of its conduct.

81.   MAGELLAN's conduct is unfair because it forces its employees to work without legally required compensation.

82.   By and through their unfair, unlawful and/or deceptive business practices described herein, MAGELLAN has obtained money and services from PLAINTIFFS and all persons similarly situated, and has deprived PLAINTIFFS and all person similarly situated, of valuable rights and benefits guaranteed by law.

83.   All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of California Business and Professions Code section 17200, *et seq*.

84.   PLAINTIFFS and all persons similarly situated are entitled to and do seek such relief as may be necessary to restore to them the money which MAGELLAN has acquired, or of which PLAINTIFFS, and all other similarly situated, have been deprived, by means of the above-described unfair, unlawful and/or deceptive business practices.

85.   PLAINTIFFS and all others similarly situated are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful

ARTIANO SHINOFF

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

and/or deceptive, and injunctive relief restraining MAGELLAN from engaging in any of the above-described unfair, unlawful and/or deceptive business practices in the future.

86.    PLAINTIFFS and all persons similarly situated have no plain, speedy and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of MAGELLAN's unfair, unlawful and/or deceptive business practices. As a result of the unfair, unlawful and/or deceptive business practices described above, PLAINTIFFS, and all persons similarly situated, have suffered and will continue to suffer irreparable harm unless MAGELLAN is restrained from continuing to engage in said unfair, unlawful and/or deceptive business practices.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTION 2698, ET SEQ.

87.    COFFIN on behalf of herself and all similarly situated aggrieved employees realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

California Labor Code sections 2698, *et seq.* authorizes aggrieved employees, such as COFFIN, to bring a civil action against his/her employer to recover civil penalties for various violations of the Labor Code, including the violations alleged herein.

88.    COFFIN has complied with Labor Code section 2699.3, by giving written notice (1) to the Labor and Workforce Development Agency ("LWDA") by filing her Private Attorneys General Act Claim Notice with the LWDA on June 14, 2019, paying the $75.00 filing fee to the LWDA and (2) by certified mail to her employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct

copy of COFFIN's online filing of her Private Attorneys General Act Claim Notice with the LWDA and proof of payment of the $75.00 filing fee are attached collectively hereto as Exhibit "1".  A true and correct copy of the written notice provided by certified mail to her employer of the specific violations of the California Labor Code by COFFIN and the postmark of such written notice are collectively attached hereto as Exhibit "2".

89.    The Private Attorneys General Act Claim Notice filed by COFFIN with the LWDA was assigned LWDA Case No.: LWDA-CM-706156-19 ("Claim Notice"). The  LWDA has failed to notify COFFIN of its intent to investigate the alleged violations of the California Labor Code set forth in the Claim Notice and Exhibit "2" hereto within 65 calendar days of the June 14, 2019 postmark date of the notice of violations mailed to COFFIN's employer (Exhibit "2" hereto).

90.    Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved employees, including COFFIN, may, as a matter of right, file a complaint alleging a cause of action arising under Labor Code section 2698, *et seq.,* after the following requirements have been met: (a) the aggrieved employee or his/her representative provides written notice by online filing on the LWDA website and by certified mail to the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation; (b) the aggrieved employee pays a filing fee to the LWDA of $75.00; and (c) the LWDA does not notify the aggrieved employee of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the written notice provided to the aggrieved employees' employer.  COFFIN has standing to bring this action.

91.    COFFIN, on behalf of herself and all other aggrieved employees of MAGELLAN who work or worked in the capacity of a "care manager" and/or "senior care manager", brings this action pursuant to Labor Code sections 2698, *et seq.,* arising out of violations of Labor Code sections 201, 202, 203, 204, 206, 226(a), 510, 1198, and IWC Wage Order No. 4, California Code of Regulations title 8, section 11090 ("Wage Order No. 4").

ARTIANO SHINOFF

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

92.    Pursuant to California Labor Code section 2699(f) and (g) COFFIN, on behalf of the State of California, and the other similarly situated aggrieved employees, are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code sections 201, 202, 203, 204, 206, 226(a), 510, 1198,  and Wage Order No. 4 as alleged herein.

93.    Plaintiff and the other aggrieved consistently worked in excess of forty (40) hours in a week and/or eight (8) hours in a work day and did not receive overtime wages equal to one and one half (1 1/2) times such employees' regular rate of pay for all hours worked in excess of forty (40) hours in a week or eight (8) hours in a work day.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS request judgment be entered against MAGELLAN, and each of them as follows:

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES

1.    For compensatory damages for unpaid wages owed to PLAINTIFFS and all others similarly situated according to proof;

2.    For prejudgment interest;

3.    For statutory penalties pursuant to California Labor Code section 203 and/or punitive damages according to proof;

4.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 218.5;

5.    For a preliminary and permanent injunction requiring MAGELLAN to comply with California Labor Code section 204; and/or a preliminary and permanent injunction requiring MAGELLAN to pay each of their employees' wages, at each such employee's regular hourly rate, for each and every hour or fraction thereof that each

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

such employee works, and/or has worked at any time during the Class Period for MAGELLAN and/or a preliminary and permanent injunction enjoining MAGELLAN from failing to pay each of their employees' wages, at each such employee's regular hourly rate, for each and every hour or fraction thereof that each such employee works, and/or has worked at any time during the Class Period for MAGELLAN; and

6. For such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

1. For compensatory damages for unpaid overtime compensation owed to PLAINTIFFS and all others similarly situated according to proof;

2. For prejudgment interest;

3. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

4. For statutory penalties pursuant to California Labor Code section 203 and/or punitive damages according to proof;

5. For a preliminary and permanent injunction requiring MAGELLAN to comply with California Labor Code sections 510 and 1194 and related orders of the IWC; and/or a preliminary and permanent injunction requiring MAGELLAN to pay each of their employees overtime compensation, calculated pursuant to the provisions of IWC Wage Order No. 4-2001, as amended, for each and every hour or fraction thereof that each such employee works, and/or has worked at any time during the Class Period, for MAGELLAN in excess of 8 hours in a day and/or 40 hours in a work week; and/or a preliminary and permanent injunction enjoining MAGELLAN from failing to pay each of their employees overtime compensation, calculated pursuant to the provisions of the IWC Wage Order No. 4-2001, as amended, for each and every hour or fraction thereof that each such employee works, and/or has worked at any time during the Class Period, for MAGELLAN in excess of 8 hours in a day and/or 40 hours in a work week.

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

6.      For such other and further relief as this Court may deem just and proper.

## THIRD CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

1.      For damages pursuant to California Labor Code section 226(a) according to proof at time of trial;

2.      For statutory penalties pursuant to California Labor Code section 226(a) according to proof;

3.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 218.5;

4.      For a preliminary and permanent injunction requiring MAGELLAN to comply with California Labor Code section 226(a); and

5.      For such other and further relief as this Court may deem just and proper.

## FOURTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

1.      That the business practices alleged herein be declared in violation of the public policy of the State of California, including but not limited to California Business & Professions Code section 17200, *et seq*.;

2.      For a preliminary and permanent injunction to prevent the use or employment by MAGELLAN of each practice alleged herein and found to be unfair, unlawful and/or deceptive business practice;

3.      For a further order to restore to PLAINTIFFS, all persons similarly situated, and all members of each proposed subclass herein, any money which MAGELLAN may have acquired by means of each practice alleged and found herein to be an unfair, unlawful and/or deceptive business practice;

4.      For a further order to restore to PLAINTIFFS, all persons similarly situated, and all members of each proposed subclass herein, the value of any compensation and benefits which they were deprived by virtue of  MAGELLAN's conduct of engaging in each practice alleged herein and found to be an unfair, unlawful

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

and/or deceptive business practice;

5.    For costs of suit herein incurred, including reasonable attorneys' fees and costs; and

6.    For such other and further relief as this Court may deem just and proper.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTION 2698, ET SEQ.

COFFIN, and on behalf herself and of all other aggrieved "care managers," "senior care managers" and/or employees prays for relief and judgment against MAGELLAN as follows:

1.    For civil penalties pursuant to California Labor Code section 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for each initial violation and $200 for each aggrieved employee per pay period for each subsequent violation of California Labor Code sections 201, 202, 203, 204, 206, 226(a), 510, 1198, and Wage Order No. 4;

2.    For attorney's fees and costs; and

3.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: November 17, 2021               ARTIANO SHINOFF

                                       By: _s/ Daniel R. Shinoff_____
                                            Daniel R. Shinoff
                                       Attorneys for Plaintiffs CHRISTINE
                                       COFFIN, KIMBERLY WILLMOTT, and
                                       BRENDA KASATY individually, on
                                       behalf of themselves and all others
                                       similarly situated

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

1

Dated: November 17, 2021          LAW OFFICES OF SHELDON A.
2                                 OSTROFF

3                                 By:  s/ Sheldon A. Ostroff
                                       Sheldon A. Ostroff
4                                 Attorneys for Plaintiffs CHRISTINE
                                  COFFIN, KIMBERLY WILLMOTT, and
5                                 BRENDA KASATY individually, on
                                  behalf of themselves and all others
6                                 similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR
BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698,
ET SEQ

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX

ARTIANO SHINOFF

**CHRISTIE COFFIN, et al. v. MAGELLAN HRSC, INC. et al.**
**Southern District Case Number: 1:20-cv-00144-JB-GJF**

## CERTIFICATE OF SERVICE

### (State and Federal Court)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 3636 Fourth Avenue, Suite 200, San Diego, California 92103.

On November 17, 2021, I served the following document(s):

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAW STATUTES, UNFAIR BUSINESS PRACTICES AND CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ.***

☒    **BY ELECTRONIC SERVICE** on the date executed below, I served the document via the Court's CM/ECF system on the designated recipients through electronic transmission of said documents.

| | |
|---|---|
| Sabrina L. Shadi, Esq. | Randy S. Bartell, Esq. |
| Mark D. Temple, Esq. | MONTGOMERY & ANDREWS, P.A. |
| BAKER & HOSTETLER LLP | 325 Paseo de Peralta |
| 11601 Wilshire Blvd., Suite 1400 | PO Box 2307 |
| Los Angeles, CA 90025-0509 | Santa Fe, New Mexico 87504-2307 |
| Telephone:  310.820.8800 | Telephone: 505-982-3873 |
| Facsimile:    310.820.8859 | Facsimile: 505-982-4289 |
| *sshadi@bakerlaw.com* | *rbartell@montand.com* |
| *mtemple@bakerlaw.com* | **Attorneys for Defendant** |
| **Attorneys for Defendant** | **MAGELLAN HRSC, INC.** |
| **MAGELLAN HRSC, INC.** | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 17, 2021, at San Diego, California.

s/ Sheldon A. Ostroff
Sheldon A. Ostroff
Attorney for Plaintiff
E-mail: sostrofflaw@gmail.com

AS7 Law San Diego/002049/000006/PL/S0508848.DOCX