# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTIE COFFIN, KIMBERLY WILLMOTT, and BRENDA KASATY individually, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAGELLAN HRSC, INC., an Ohio Corporation; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No.: 1:20-cv-00144-DHU-GJF<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL, AND APPROVING PROPOSED CLASS NOTICE** |

WHEREAS, Plaintiffs Christie Coffin, Kimberly Willmott and Brenda Kasaty (the "Named Plaintiffs") have made application (the "Application") for an order preliminarily approving the Settlement of this Class Action as identified and defined in the Class Action Settlement Agreement ("Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Class Action and for dismissal of the Class Action upon the terms and conditions set forth therein;

WHEREAS, the Application is unopposed by Defendant Magellan HRSC, Inc. ("Magellan") (the Named Plaintiffs and Magellan are referred to collectively as the "Parties");

1

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing and declarations submitted in support of preliminary approval of the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The definitions contained in the Settlement Agreement attached to the Declaration of Sheldon A. Ostroff as Exhibit 2 in support of the motion for preliminary approval of the Settlement in this Class Action are incorporated herein by reference.

2. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues presented in the instant Class Action in particular.

3. The Court finds, solely and exclusively for the purposes of the proposed Class, that with regard to the Claims asserted by the Named Plaintiffs: (i) the number of Class Members is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiffs' claims are typical of the Class Members' claims, and (iv) the Named Plaintiffs and Class Counsel adequately represent the interests of the Class Members. In addition, the Court finds that with regard to the Class Members, questions of law or fact common to the Class predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Named Plaintiffs' claims for settlement purposes is the best means for protecting the interests of all the Class Members.

4. The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval of the Settlement Agreement, as well as the declarations and exhibits submitted in support thereof, and finds that the proposed Class defined in the Settlement Agreement is proper and should be certified for settlement purposes as defined herein below. Solely for purposes of the proposed

Settlement, the Class is hereby conditionally certified pursuant to Fed. R. Civ. Proc. 23 as follows:

> All former and current employees of Magellan HRSC, Inc. who, at any time during the period between June 14, 2015 and the date of the entry of this Order were employed in California in the capacity of a "care manager" or "senior care manager" and classified as an exempt employee.

5. After reviewing the qualifications of the applicants for appointment of Class Counsel, the Court does hereby approve Sheldon A. Ostroff of the Law Office of Sheldon A. Ostroff and Daniel R. Shinoff of Artiano Shinoff as Class Counsel.

6. The Court is satisfied that the Named Plaintiffs do not have any conflicts of interest with the absent Class Members and will be able to fairly and adequately protect the interests of the Class Members. The Court therefore preliminarily approves Christie Coffin, Kimberly Willmott and Brenda Kasaty as class representatives for the Class.

7. The Court appoints American Legal Claim Services, LLC, as Settlement Administrator. The costs of settlement administration shall be paid out of the Maximum Settlement Amount pursuant to the terms of the Settlement Agreement.

8. The Court approves, as to form and content, the Class Notice attached as Exhibit 2 to the Settlement Agreement and finds that the distribution of the Class Notice as set forth in Section 6 of the Settlement Agreement: (a) meets the requirements of federal law and due process; (b) is the best notice practicable under the circumstances; and (c) shall constitute due and sufficient notice to all individuals entitled thereto. Notice of the proposed Settlement shall be provided in accordance with the Settlement Agreement. Non-substantive changes may be made to the Class Notice by agreement of the Parties without further order of this Court.

9. All Class Members who do not opt out of the Class as described in the Class Notice shall be bound by all determinations and the judgment in this Class Action

concerning the Settlement, whether favorable or unfavorable to the Class Members.

10. Class Members shall not be required to submit a claim form to participate in the Settlement and receive an Individual Settlement Payment.

11. Within sixty (60) calendar days of the mailing of the Class Notice, Class Members objecting to the terms of the Settlement Agreement must do so in writing in accordance with the Settlement Agreement. The written objection must be served on the Parties' counsel of record and filed with the Clerk of the Court in accordance with the Settlement Agreement and the directions in the Class Notice.

12. Within sixty (60) calendar days of the mailing of the Class Notice, Class Members who wish to exclude themselves from the Settlement must submit a written Request for Exclusion to the Settlement Administrator in accordance with the Settlement Agreement and the directions in the Class Notice.

13. Any Class Member who does not exclude himself or herself from the Class may enter an appearance in the Class Action, at his or her own expense, individually or through counsel of his or her own choice. Any Class Member who does not enter an appearance or opt out of the Class will be represented by Class Counsel.

14. A Final Approval Hearing, for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on <u>January 29, 2025, at 2:00p.m., in Mimbres Courtroom of the United States District Court of New Mexico, 333 Lomas Boulevard NW, Albuquerque, NM 87102</u>. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be finally approved by the Court. The Court will also hear at that time any objections submitted by Class Members. The Court will also consider Class Counsels' request for an award of attorneys' fees and costs, the Service Awards to be paid to the Named Plaintiffs, and the payment of Settlement Administration Costs to the Settlement Administrator.

15. Any Class Member who does not exclude himself or herself from the Class may appear at the Final Approval Hearing and show cause, if any, why: (a) the proposed Settlement of the Class Action should or should not be approved as fair, reasonable, and adequate; (b) a judgment should or should not be entered thereon; (c) attorneys' fees and/or costs should or should not be awarded to Class Counsel; and/or (d) the Named Plaintiffs should or should not receive Service Awards. However, no Class Member, or any other person, shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement Agreement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiffs, and/or attorneys' fees and/or costs awarded to Class Counsel, unless that person has, no later than sixty (60) days after the mailing of the Class Notice to the Class Members, filed a Notice of Objection with the Court and served that Notice of Objection on counsel for the Parties, and copies of any papers and briefs in support thereof explaining the basis of the objection in accordance with the Settlement Agreement. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her Notice of Objection in accordance with the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement contained in the Settlement Agreement, any award of attorneys' fees and costs awarded to Class Counsel, and any Service Award to the Named Plaintiffs, unless otherwise ordered by the Court.

16. The Parties shall file all papers in support of final approval of the Settlement no later than twenty-eight (28) calendar days prior to the Final Approval Hearing.

17. Class Counsel shall file their motion for an award of attorneys' fees and costs as part of the motion for final approval of the Settlement no later than twenty-

eight (28) calendar days prior to the Final Approval Hearing.

18. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, any application for attorneys' fees or reimbursement of costs, the Named Plaintiffs' Service Awards, and the Settlement Administration Costs shall be approved.

19. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

20. As of the date of this Order, all dates and deadlines associated with the Class Action shall be stayed, other than those pertaining to the administration of the Settlement.

21. In the event the proposed Settlement is not finally approved by the Court, or for any reason the Effective Date does not occur, then the Settlement and all orders entered in connection therewith shall be null and void and of no effect, and shall not be used or referred to for any purposes whatsoever. In such event, the Settlement shall be withdrawn without prejudice as to the rights of any and all Parties hereto.

**IT IS SO ORDERED.**

_____
Hon. David Herrera Urias
DISTRICT COURT JUDGE