IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTIE COFFIN; KIMBERLY WILMOTT and BRENDA KASATY,<br><br>Plaintiffs,<br><br>v.<br><br>MAGELLAN HRSC, INC.,<br><br>Defendant. | Civil Action File<br>No. 1:20-cv-00144-DHU-GJF |

**JUDGMENT, FINAL ORDER AND DECREE**
**<u>GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

This Court, having granted Preliminary Approval of the Settlement of the Claims asserted in the above-captioned matter on November 18, 2024 (ECF No. 108), having reviewed all filings in connection with the Named Plaintiffs' Motion for Final Approval of Settlement Agreement of Class Action Claims, and For an Award of Attorneys' Fees and Costs and other related materials submitted by the Parties, as well as the presentation of Named Plaintiffs Christie Coffin, Kimberly Willmott and Brenda Kasaty (the "Named Plaintiffs") and Defendant Magellan HRSC, Inc. ("Defendant") (collectively, the "Parties") at the Hearing on Final Approval, and being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The definitions contained in the Settlement Agreement are incorporated herein by reference.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all Class Members of the Class preliminarily certified for settlement purposes only by the Preliminary Approval Order (ECF No. 108), and defined as follows:

>All former and current employees of Magellan HRSC, Inc. who, at any time during the period between June 14, 2015 and [insert date] were employed in California in the capacity of a "care manager" or "senior care manager" and classified as an exempt employee.

3. The Court finds that the Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Court certifies the Class defined hereinabove and in Section 2.3 of the Parties' Settlement Agreement for purpose of settling this Class Action.

4. The Court finds that the Notice of Class Action Settlement ("Class Notice") satisfies Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure. The Class Notice, sent to the Class Members via First Class U.S. Mail, adequately informed the Class Members: (a) of the terms of the Settlement Agreement; (b) of their estimated recovery; (c) that no action was required of them to receive an Individual Settlement Payment; (d) of their right to request exclusion from the Settlement and pursue their own remedies; and (e) of their opportunity to file written objections and to appear and be heard at the Final Approval Hearing. The Class Notice also adequately informed the Class Members of additional resources available for further information, including the telephone numbers of Class Counsel and the Settlement Administrator, as well as a website from which Class Members could obtain additional information and view documents regarding this Class Action and the Settlement. There were no objections or class members who excluded themselves from the settlement.

5. The Settlement was reached pursuant to arm's-length negotiations between the Parties facilitated by an experienced wage and hour mediator, and has the support of Class Counsel and Defendant's Counsel, each of whom have significant experience representing parties in complex class actions. The absence of any objections to the Settlement by the Class Members likewise supports approval of the Settlement. Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. The Maximum Settlement Fund in the amount of $475,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the settled and Released Claims.

7. The Court finds that the Settlement is fair, reasonable, and adequate to all Class Members and hereby grants final approval of the Settlement Agreement. The Court further finds that the strength of the Named Plaintiffs' case on the merits weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support final approval of the Settlement Agreement at this time.

8. Within ten (10) business days of the Effective Date, Defendant shall transfer the Maximum Settlement Fund of $475,000.00 to the Settlement Administrator.

9. Within thirty (30) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator shall mail all Participating Class Members their Individual Settlement Payments from the Net Distribution Fund (the amount that remains after subtracting Court-awarded Class Counsel Fees Award and Class Counsel Costs Award, the Settlement Administration Costs, Named Plaintiffs' Service Awards, and the portion of the PAGA Award allocated to the LWDA). Pursuant to the terms of the Settlement Agreement, one-third (1/3) of each Individual Settlement Payment shall be allocated as wages, one-third (1/3) shall be allocated as penalties, and one-third (1/3) shall be allocated as interest.

10. The deadline for the Named Plaintiffs and Participating Class Members to cash settlement checks shall be one-hundred eighty (180) calendar days from the date of the settlement checks.

11. Class Counsel is awarded $142,500.00, representing thirty percent (30%) of the Maximum Settlement Fund, for attorneys' fees, and $49,795.84 for reasonable costs incurred. The Settlement Administrator shall pay the Class Counsel Fees Award and Class Counsel Costs Award within thirty (30) calendar days after receipt of the Maximum Settlement Fund from Defendant in accordance with the terms of Settlement Agreement.

12. The Court approves Service Awards to Named Plaintiffs Christie Coffin, Kimberly Willcott and Brenda Kasady in the amount of $5,000.00 each, for assisting Class Counsel with the prosecution of this Class Action, including conferring with Class Counsel, answering written discovery, producing documents, and providing sworn declarations. Within thirty (30) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator shall mail checks to Class Counsel payable to Christie Coffin, Kimberly Willcott and Brenda Kasady for their Service Awards in accordance with the terms of the Settlement Agreement.

13. The Court approves the costs of administration incurred by American Legal Claim Services, LLC, the Settlement Administrator appointed by the Court, in the amount of $15,000. Within thirty (30) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator is authorized to pay itself the sum of $15,000 for the cost of administering this Settlement in accordance with the terms of the Settlement Agreement.

14. The Court further orders that all Participating Class Members hereby fully release and discharge the Released Parties as set forth in the Settlement Agreement from any and all Released Class Claims as defined in the Settlement Agreement.

15. In response to the Class Notice, zero Class Members requested exclusion from the Class. The Court finds that the zero Class Members who requested exclusion from the Class is/are excluded from the Class certified herein, is/are not bound by the terms of the Settlement Agreement and is/are not entitled to receive any payment as a result of this Settlement. The timely Requests for Exclusion represent 0% of the Class Members.

16. The Court finds that no objections were filed.

17. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Attorney General of the United States and the appropriate State official(s) fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

18. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Labor and Workforce Development Agency fully and adequately complied with the notice requirements of PAGA, California Labor Code § 2699(l).

19. The Court grants final approval of the Settlement. This Court retains jurisdiction for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

20. Notwithstanding the certification of the foregoing Class and appointment of Named Plaintiffs as the Class representatives for purposes of effectuating the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, the foregoing certification of the Class and appointment of Named Plaintiffs as the Class representatives shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

21. After Settlement administration has been completed in accordance with the Settlement Agreement, Defendant shall file a report with this Court certifying compliance with the terms of the Settlement.

22. A compliance hearing is set for January 15, 2026, at 2:00pm in Mimbres Courtroom of the United States District Court of New Mexico, 333 Lomas Boulevard NW, Albuquerque, NM 87102.

23. The Court hereby enters judgment in the Class Action for the reasons set forth above, and upon the terms set forth in the Settlement Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT COURT